UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>JULIAN C. CHAPA,<br><br>Respondent. | No. 1:16-cv-01699-DAD-SKO<br><br>ORDER TO SHOW CAUSE WHY RESPONDENT SHOULD NOT BE HELD IN CIVIL CONTEMPT<br><br>(Doc. No. 10, 11) |

On August 31, 2017, petitioner United States of America, filed a petition seeking an order directed to respondent requiring him to show cause why he should not be found in civil contempt for failing to comply with the court's order of March 23, 2017. (Doc. No. 10) Petitioner also submitted a memorandum of points and authorities in support of a finding of civil contempt and a proposed order. (Doc. No. 11.) Specifically, petitioner contends that respondent should be incarcerated and subject to daily fines until he complies with the court's prior order. (Doc. No. 10 at 1, ¶ 1.)

The court's March 23, 2017 order adopted the assigned magistrate judge's findings and recommendations recommending the enforcement of an IRS summons issued to respondent. (Doc. No. 9.) Therein, respondent was ordered to appear before Revenue Officer, Lisa R. Lopez, at the Internal Revenue Service office located at 2525 Capitol Street, Suite 206, Fresno, CA

93721 on March 24, 2017. (*Id.* at 2, ¶ 2.) Respondent was ordered to provide testimony and produce for examination and copying "the books, checks, records, paper, and other data demanded by the summons . . . ." (*Id.* at ¶ 3.) The order further provided that examination of these items would continue until compliance is fully achieved. (*Id.*) This court retained jurisdiction pursuant to its contempt power to enforce that order. (*Id.* at ¶ 5.)

On March 24, 2017, respondent Chapa appeared before Revenue Officer Lopez, but failed to produce the required items for examination. (Doc. No. 10 at 2, ¶ 4.) Instead, respondent requested additional time to produce these items, indicating that he was having difficulty securing an IRS Form 1099 in order to prepare a tax return. (*Id.*) Revenue Officer Lopez explained to respondent that the summons and enforcement proceedings were not for purposes of compelling him to file tax returns, but for the IRS to determine whether respondent could satisfy the assessed liabilities. (*Id.*) Officer Lopez further explained to respondent that his financial records were needed to prepare a Collection Information Statement for Wage Earners and Self-Employed Individuals, or an IRS Form 433-A. (*Id.*) Respondent indicated that he would bring the necessary documents to Revenue Officer Lopez the following week. (*Id.*) Although that meeting was postponed to March 31, 2017, respondent failed to appear and made no further contact with Revenue Officer Lopez. (*Id.*)

As a result of respondent's failure to appear and/or contact Revenue Officer Lopez, petitioner's counsel mailed a letter to respondent re-setting a compliance appointment for May 19, 2017 and warning him of petitioner's intent to seek a contempt finding in the event respondent did not appear on that day and produce the required materials for examination. (Doc. No. 10-2, Ex. A.) While respondent did appear for the compliance appointment on May 19, 2017, he once again failed to produce any of the required documents. (Doc. No. 10 at 2, ¶ 5.)

Petitioner maintains that respondent's testimony, books, and records are still needed to continue the investigation and that petitioner has failed to comply with the court's enforcement order. (*Id.* at ¶¶ 6–7.) Petitioner brings this request on the grounds that incarceration is needed to coerce respondent's compliance and that the court should impose all other remedies for civil contempt including imprisonment and/or compensatory and coercive daily fines. (*Id.* at ¶ 8.)

In contempt proceedings, "the contemnor is entitled to notice and a reasonable time to prepare a defense." *United States v. Powers*, 629 F.3d 619, 628 (9th Cir. 1980) (citing *United States v. Hawkins*, 501 F.2d 1029, 1031 (9th Cir. 1974)). Regardless of whether the contempt proceedings are civil or criminal, the safeguards of Federal Rules Criminal Procedure 42(a) shall apply. *See Hawkins*, 501 F.2d at 1031.[1] Rule 42(a) provides that the court must give the contemnor notice of the initiated proceedings "in open court, in an order to show cause, or in an arrest order." In addition, "the notice must: (a) state the time and place of the trial; (b) allow the defendant a reasonable time to prepare a defense; and (c) state the essential facts constituting the charged criminal contempt and describe it." Fed. R. Crim. P. 42(a).

While the proceedings cannot be conducted summarily, a reasonable time for a contemnor to prepare a defense is left to the discretion of the court and will vary according to the circumstances of each particular case. *United States v. Alter*, 482 F.2d 1016, 1023–24 (9th Cir. 1973). The Ninth Circuit has found a minimum of five days sufficient "when the alleged contemnor's defense raises legal issues of some complexity or there is an indication that an evidentiary hearing may be required." *Id.* at 1023; *accord Hawkins*, 501 F.2d at 1031. Additionally, a civil contempt proceeding is considered "a trial within the meaning of Fed. R. Civ. P. 43(a), rather than a hearing on a motion within the meaning of Fed. R. Civ. P. 43(e) (citations) and that the issues may not be tried on the basis of affidavits." *Hoffman for & on Behalf of N.L.R.B. v. Beer Drivers & Salesmen's Local Union No. 888, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 536 F.2d 1268, 1277 (9th Cir. 1976); *see Nikko Materials USA v. R.E. Serv. Co.*, No. C 03-2549 SBA, 2006 WL 1749550, at *3 (N.D. Cal. June 22, 2006) ("[C]ivil contempt may not be tried on the basis of affidavits alone."). However, the court need not hold a "full-blown" evidentiary hearing if affidavits are submitted and are uncontroverted. *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1324 (9th Cir. 1998), *as amended on denial of reh'g and reh'g en banc* (June 15, 1998) ("[A] district court's decision not to hold a full-blown evidentiary hearing does not violate due process.").

---

[1] The notice procedures of Rule 42(a) were previously codified under Rule 42(b).

Accordingly, in a civil contempt proceeding the contemnor should be "(1) be informed, through a show-cause order, of his purportedly contumacious conduct, and (2) be given a hearing at which he can be represented by counsel, call witnesses, and testify in order to show cause why he should not be held in contempt." *Nikko Materials USA*, 2006 WL 1749550, at *3 (quoting *Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990)). As also noted by petitioner here, due to the possibility of incarceration, the contemnor is entitled to appointed counsel in the event he is found to be indigent. *See Alter*, 482 F.2d at 1024, n.11 (noting that in the prosecution of contempt, due process of law requires and includes " 'the assistance of counsel, if requested, and the right to call witnesses to give testimony, relevant either to the issue of complete exculpation or in extenuation of the offense and in mitigation of the penalty to be imposed.'") (quoting *Cooke v. United States*, 267 U.S. 517, 537 (1925)); *but see In re Grand Jury Proceedings*, 468 F.2d 1368, 1369 (9th Cir. 1972) (recognizing circumstances in which the Due Process Clause does not automatically require the provision of counsel in civil contempt proceedings).

For the reasons set forth above and as requested by petitioner (Doc. No. 11 at 1–2), the court hereby orders the following:

1. Respondent is required to show cause in writing by October 3, 2017, supported by affidavits signed under penalty of perjury if appropriate, as to:
    a. Why he should not be held in civil contempt due to his failure to comply with the court's March 23, 2017 order;
    b. Why he should not be incarcerated and/or ordered to pay coercive fines until he complies with the court's March 23, 2017 order;
2. Respondent shall also include in his written response to this order to show cause a list of the witnesses or other evidence, if any, he intends to present at the evidentiary hearing and shall address whether he requires the assistance of counsel and is unable to afford such counsel;
3. Petitioner shall respond to respondent's response to the order to show cause, if any, by October 10, 2017; and

/////

4. The hearing on this order to show cause and, if necessary, civil contempt proceeding is now set for October 17, 2017 at 9:30 a.m. in the Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, California 93721, Courtroom 5 (7th Floor). Respondent Chapa is ordered to personally appear at that date and time.[2]

IT IS SO ORDERED.

Dated: **September 7, 2017**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

---

[2] If, prior to the scheduled hearing date, the court is informed by petitioner's counsel that respondent has fully complied with the court's March 23, 2017 order, this hearing may be vacated.